# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
Civil Action No.: 3:22-cv-00673

| | |
|---|---|
| TARA S. GIST, | ) |
|     Plaintiff, | ) |
| v. | ) **COMPLAINT and** |
| | ) **DEMAND FOR JURY TRIAL** |
| FEDORA SECURITY, LLC, | ) |
|     Defendant. | ) |

Plaintiff, Tara S. Gist ("Gist" or "Plaintiff"), by and through counsel, brings this action for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981 ("Section 1981") against Fedora Security, LLC ("Defendant"). Plaintiff additionally brings a claim under North Carolina common law for wrongful discharge in violation of public policy.

## THE PARTIES

1. Plaintiff is an adult individual who is a resident of Dallas, North Carolina.

2. Defendant is a foreign limited liability company registered and in good standing in the State of North Carolina.

## JURISDICTION AND VENUE

3. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 over the subject matter of the claims brought in violation of Title VII and the deprivation of Plaintiff's rights under Section 1981.

4. Plaintiff's wrongful discharge in violation of public policy claim is based on the law of the State of North Carolina. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367

for the pendent state claims because they arise out of the same nucleus of facts giving rise to Plaintiff's Title VII and Section 1981 claims.

5. This Court has personal jurisdiction because Defendant conducts business in Mecklenburg County, North Carolina, the acts or omissions giving rise to Plaintiff's Complaint occurred in Mecklenburg County, North Carolina, and it is reasonably foreseeable for Defendant to expect to be called into court in this judicial district.

6. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts or omissions alleged herein occurred in Mecklenburg County, North Carolina.

7. All alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

## COVERAGE ALLEGATIONS

8. At all relevant times, Plaintiff was an "employee" covered by the protections of Title VII, within the meaning of 42 U.S.C. § 2000e(f).

9. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

10. Defendant employed at least fifteen (15) employees at all relevant times.

11. Plaintiff satisfied her obligation to exhaust her administrative remedies by timely filing a Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") alleging discrimination and retaliation based on race. On September 20, 2022, the EEOC issued a Notice of Suit Rights and Plaintiff timely brings this action within ninety (90) days of her receipt thereof.

# PLAINTIFF'S FACTUAL ALLEGATIONS

12. Defendant provides individualized security systems and system integration solutions to residential and commercial clients.

13. Gist is African American.

14. In or about September 2014, Gist pled guilty to charges of wire fraud.

15. Gist began her employment with Defendant on or about September 17, 2020 and held the Senior Staff Accountant role. Gist's duties and responsibilities included maintaining Defendant's finances.

16. At the time Defendant hired Gist, it performed a background check, which revealed Gist's guilty plea.

17. At all relevant times, Gist met or exceeded Defendant's legitimate employment expectations. Although Defendant did not conduct formal performance evaluations, Gist received positive feedback from her supervisor relating to her performance throughout her employment. Gist also received no discipline until her termination on May 19, 2022.

18. On or about December 14, 2021, the North Carolina Department of Public Safety ("NCDPS") sent Defendant a cease-and-desist letter informing Defendant it obtained evidence indicating Defendant "has been advertising and engaging in the alarm services profession in North Carolina without having been properly licensed with the North Carolina Alarm Systems Licensing Board ("ALSB")."

19. On or about February 9, 2022, the NCDPS received an anonymous complaint regarding Defendant's potential violation of N.C.G.S. § 74D-2(a). The complaint states:

> Company not licensed as alarm system contractor. Coe Downing is the Manager of the office and was released for theft—[$]685,000 in January. Christina Downing refuses to get a background check. Tara Gist Savage, accounting person, was just

released from prison for embezzling $500,000. No employees are registered with NC. No license. Employees are scared. Customers are at risk.

20. NCDPS sent Defendant notice of the complaint and notified Defendant that a hearing would be held March 17, 2022.

21. On or about March 17, 2022, Defendant received fines for its infraction of N.C.G.S. § 74D-2(a).

22. On or about May 16, 2022, Betsy Wasik, Defendant's Human Resources Manager, emailed all employees instructions and several documents to complete to become registered through the North Carolina Private Protective Board/ALSB. Also included with the email were instructions and documents relating to performing a background check. The email stated that each employee must complete the requested information by Friday May 20, 2022.

23. On or about May 19, 2022, Defendant terminated Gist's employment. Defendant's stated reason for terminating Gist's employment was "your job is being phased out at that location."

24. Upon information and belief, Defendant did not terminate Coe Downing's ("Coe") employment at the time of Gist's termination, despite Coe also having a criminal background.

25. Coe is Caucasian.

26. Upon information and belief, Defendant did not terminate Christina Downing's ("Christina") employment at the time of Gist's termination, despite Christina also having a criminal background.

27. Christina is Caucasian.

28. Upon information and belief, Defendant terminated Coe and Christina's employment in or about June 2022 after Defendant received further fines from NCDPS relating to

their continued employment with Defendant. However, within a week of their termination, Defendant brought Coe and Christina back as independent contractors.

## FIRST CAUSE OF ACTION
### (Violation of Title VII – Discrimination based on Race)

29. Plaintiff incorporates by reference paragraphs 1–28 of her Complaint.

30. Defendant unlawfully discriminated against Plaintiff by treating her differently based on her race, African American, during Plaintiff's employment, in violation of Title VII.

31. Defendant's violation of Title VII was intentional, willful, and/or undertaken in reckless disregard for Plaintiff's rights under Title VII.

32. Plaintiff suffered damages as a result of Defendant's unlawful conduct.

## SECOND CAUSE OF ACTION
### (Violation of Section 1981 – Discrimination based on Race)

33. Plaintiff incorporates by reference paragraph 1–32 of her Complaint.

34. Defendant unlawfully discriminated against Plaintiff by terminating her employment on the basis of her race, African America, in violation of Section 1981.

35. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violating Section 1981, Plaintiff has suffered and continues to suffer monetary and/or economic damages including, but not limited to, loss of past and future income, compensation, and benefits, entitling Plaintiff to an award of monetary damages and other relief.

36. Defendant's unlawful discriminatory conduct constitutes a willful and wanton violation of Section 1981, was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

# THIRD CAUSE OF ACTION
### (Wrongful Discharge in Violation of Public Policy on the Basis of Race)

37. Plaintiff incorporates by reference paragraph 1–36 of her Complaint.

38. The public policy of the State of North Carolina as set forth in N.C.G.S. § 143-422.1, North Carolina's Equal Employment Practices Act, prohibits employers from discriminating against employees on the basis of their race. Plaintiff is African American and is therefore a member of a protected class. This is specifically established in N.C. Gen. Stat. § 143.422.2.

39. Defendant violated the public policy of North Carolina as set forth in N.C.G.S. § 143-422.1 by terminating Plaintiff, a member of the protected class, on the basis of her race.

40. As a proximate and foreseeable result of Defendant's conduct, Plaintiff has suffered lost back and future wages and benefits, expenses, and other damages, which Plaintiff seeks from Defendant.

41. Defendant's actions were done maliciously, willfully, or wantonly or in a manner that demonstrates a reckless disregard for Plaintiff's rights. As a result of Defendant's conduct, Plaintiff is entitled to recover punitive damages.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

a) Order Defendant to pay Plaintiff for all lost wages and employment benefits from the day Defendant discriminated and retaliated against Plaintiff by not hiring her based on her race and her complaints of racial discrimination against Thompson until the day of final judgment;

b) Order Defendant to pay Plaintiff compensatory damages;

c) Order Defendant to pay Plaintiff punitive damages;

d) Order Defendant to pay Plaintiff all attorneys' fees, litigation expenses, and cost incurred as a result of bringing this action;

e) Order Defendant to pay Plaintiff pre- and post-judgment interest at the highest rates allowed by law on all sums recoverable; and

f) An Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated: December 16, 2022.

        Respectfully submitted,

        s/ Corey M. Stanton
        Philip J. Gibbons, Jr., NCSB #50276
        Corey M. Stanton, NCSB #56255
        Ethan L. Slabosky, NCSB #59555
        **GIBBONS LAW GROUP, PLLC**
        14045 Ballantyne Corporate Place, Suite 325
        Charlotte, North Carolina 28277
        Telephone: (704) 612-0038
        E-Mail: phil@gibbonslg.com
                    corey@gibbonslg.com
                    ethan@gibbonslg.com

        *Attorneys for Plaintiff*